428 F.2d 353
 74 L.R.R.M. (BNA) 2749, 63 Lab.Cas. P 11,000
 WINDOW GLASS CUTTERS LEAGUE OF AMERICA, AFL/CIO, Appellant,
v.
AMERICAN ST. GOBAIN CORPORATION, a corporation, United Glass
and Ceramic Workers of North America, AFL-CIO,
CLC, and Local No. 21 (Additional Defendants).
 No. 18380.
 United States Court of Appeals, Third Circuit.
 Argued April 23, 1970.
Decided July 6, 1970.
 
 Leonard S. Sigall, Sigall & Sigall, Columbus, Ohio (Morrison F. Lewis, Jr., Greensburg, Pa., on the brief), for appellant.
 Leonard L. Scheinholtz, Reed, Smith, Shaw & McClay, Pittsburgh, Pa. (William D. Armour, Jonathan L. Alder, Pittsburgh, Pa., on the brief), for appellee, American Saint Gobain Corporation.
 Before GANEY, VAN DUSEN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Circuit Judge.
 
 
 1
 This appeal is from a September 29, 1969, order dismissing an action instituted by a union, the Window Glass Cutters League of America (hereinafter 'the League'), pursuant to 301 of the Labor Management Relations Act, 29 U.S.C. 185, to require the defendant, American St. Gobain Corporation (hereinafter 'the Company'), to accept and process a grievance in conformity with the grievance procedures of a collective bargaining agreement. Attached to the complaint, which prayed for a 'mandatory order enforcing the grievance procedure of the Collective Bargaining Agreement and ordering Defendant to accept and process the grievance * * * (in accordance with the collective bargaining agreement) including the submission of said grievance to binding arbitration in the event that it shall not have been settled', was a copy of the League's 'Grievance Report' which the Company had allegedly refused to process. This report stated the grievance to be:
 
 
 2
 'The Company is in violation of the contract by assigning to employees outside the League's contractual bargaining unit the work of setting and adjusting cutting heads on cutting machines.'
 
 
 3
 The League does not deny that these 'employees outside the League's contractural bargaining unit' to whom the disputed work was assigned are members of another union, the United Glass and Ceramic Workers of North America (hereinafter 'Ceramics Union'), who have a separate collective bargaining agreement with the Company.
 
 
 4
 Prior to answering the complaint, the Company filed a motion under Federal Rules of Civil Procedure 19 and 21 to require the joinder of the Ceramics Union as an additional party defendant. After holding a hearing, the court, by order of August 7, 1969, granted the motion, which requested that the plaintiff be required '* * * to file and serve an amended Complaint and to serve a Summons upon the officers of said additional Defendants. * * *' The League then apparently reported that it had no intention of joining the Ceramics Union and the court granted the Company's motion entitled 'Motion to Dismiss on Ground of Failure to Join a Party Under Rule 19' after filing a memorandum order in which it recognize(d) that such dismissal is necessary to achieve an appealable order'. It is from this September 29, 1969, order dismissing its complaint that the League takes this appeal.
 
 
 5
 The Company's glass manufacturing facility at Jeannette, Pennsylvania, is divided into two areas, known as the 'cold' and 'hot' ends of the plant. At the hot end, molten glass is drawn from a melting tank into a 'drawing machine' where it is fabricated into sheets and sent to the cold end for sizing. Employees at the hot end of the plant are represented by the Ceramics Union while those at the cold end are represented by the League. In February of 1969, the Company added a third cutting wheel to the two already on the drawing machine at the hot end of the plant, thus precipitating the grievance alluded to in the complaint. Exhibit C to the complaint, which is a memorandum from a Company supervisor, indicates that the Company took the position that it would not process, under the League's collective bargaining agreement, a grievance having to do with the drawing machines since none of the League's members were employed in that area of its operation.
 
 
 6
 We have reached the conclusion that the court's order requiring the joinder of the Ceramics Union under F.R.Civ.P. 19 was correct and fully justified in the context of the dispute which forms the basis of this case. It is clear that the court felt that there was a substantial risk that arbitration of the dispute between only the Company and the League would expose the Company to the risk that the Ceramics Union would in turn institute a separate grievance against the Company leading potentially to conflicting awards. In this context, the application of Clause (2)(ii) of Rule 19's provisions to require the joinder of an additional party was clearly justified. The clause provides:
 
 
 7
 'A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action[1] shall be joined as a party in the action if * * * (2) he claims an interest relating to the subject of the action and is so situated that disposition of the action in his absence may * * * (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.'[2]
 
 
 8
 As has been noted, it is the Ceramics Union employees who are now performing the disputed work assignment, hence they have an interest in the subject matter of the dispute. Also, as has been noted, there is a danger that the Company may be subject to separate arbitration awards, the result of separate grievances filed by the League on the one hand and the Ceramics Union on the other, hence there is a substantial risk of inconsistent obligations being imposed upon the employer.
 
 
 9
 The League contends that the Ceramics Union in fact has no interest in the outcome of this litigation and that the court erred in viewing the matter as 'an incipient jurisdictional dispute between two unions'. If this contention is correct, in spite of those facts presently on the record, it would have been a simple matter for the Ceramics Union to so state in its responsive pleadings once it had been properly joined. When the additional defendant was joined, the court would have been in a position to assess the contentions of all parties, thus assuring that an appropriate record was made to enable it to rule on the plaintiff's request for relief.
 
 
 10
 The League also argues that this was not a proper case for the court to order tripartite arbitration. Although it appears that on a proper record a District Court clearly would have the authority to provide for joint arbitration of a labor dispute, see Columbia Broad. Sys., Inc. v. American Record. & Broad. Ass'n, 414 F.2d 1326 (2nd Cir. 1969), no such order is before us on this appeal since no ruling requiring this procedure has been made by the court below. We approve the court's August 7, 1969, order requiring the joinder of the Ceramics Union as an additional party defendant to the action on this record.
 
 
 11
 Under these circumstances, we can find no error in the District Court's order of September 29, 1969,[3] and it will be affirmed.
 
 
 
 [1]
 The court correctly found that these two requirements were met by the Ceramics Union
 
 
 [2]
 3A Moore, Federal Practice P19.01(5.-3) states:
 'Clause (2)(ii) recognizes the need for considering whether a party may be left, after the adjudication, in a position where a person not joined can subject him to a double or otherwise inconsistent liability.'
 
 
 [3]
 3A Moore, Federal Practice P19.07(3) provides:
 'If a timely objection is made for nonjoinder of a necessary party, when joinder is feasible, the claimant should be given an opportunity to add the non-joined person and if he fails to do so his claim should be dismissed. And whether the joinder of an indispensable party is feasible or not the claim should be dismissed in the absence of the indispensable party.'
 Although the statement provided for in 28 U.S.C. 1292(b) in an order carrying out the August 7, 1969, ruling might have expedited disposition of the case, such a course was within the discretion of the District Court.