**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 103, AFL–CIO, Plaintiff,**

**v.**

**IRMSCHER & SONS, INC., a corporation, Defendant.**

**Civ. No. 73 F 61.**

United States District Court,
N. D. Indiana,
Fort Wayne Division.

Oct. 30, 1973.

---

Bernard M. Baum and Daniel S. Shulman, Chicago, Ill., Richard M. Baach, Fort Wayne, Ind., for plaintiff.

Donald F. Strutz and S. Douglas Trolson, Jr., Fort Wayne, Ind., for defendant.

## MEMORANDUM OF DECISION AND ORDER

ESCHBACH, District Judge.

This cause is before the court on defendant's motion to dismiss the action

pursuant to Rule 12(b)(7), Federal Rules of Civil Procedure, for failure to join an indispensable party under Rule 19, Federal Rules of Civil Procedure. The motion will be denied.

Plaintiff filed the instant action on August 1, 1973 under provisions of § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185(a). The complaint alleged violations by the defendant company of its Collective Bargaining Agreement with plaintiff union. In particular, the complaint alleged that defendant had violated Paragraph 21 of the Collective Bargaining Agreement by subcontracting certain work to a subcontractor who did not meet the qualifications of that paragraph. Plaintiff is seeking specific enforcement of the Collective Bargaining Agreement's arbitration clause and prays that this court order defendant to submit to arbitration.

The relevant provisions of the Collective Bargaining Agreement setting forth the arbitration procedures are paragraphs 6–11. Paragraph 6 provides that there shall be no stoppage of work on account of any dispute which may arise between the parties if the subject of such dispute is arbitrable. Paragraph 7 provides that any dispute arising between the union and the employer concerning the interpretation or application of the terms of the contract will be submitted to an arbitration board. Paragraphs 8–11 set out the proper procedure to be followed in initiating arbitration.

Also relevant in this proceeding is Paragraph 21, which provides that the terms of the agreement shall apply to all subcontractors under the control of or working under a contract with the employer for all work done at the site of construction and covered by the agreement. It further provides that the employer agrees not to subcontract any on site work covered by the agreement to any person or corporation which does not adhere to the minimum wage scale and abide by all apprenticeship standards and established fringes. Paragraph 22 defines a subcontractor as one who agrees to perform or performs any part of the work covered by the agreement for or on behalf of the employer.

This action was commenced when defendant subcontracted work covered by the contract to T–G Excavating Inc., who allegedly does not fulfill the requirements of Paragraph 21. Plaintiff claims that it demanded on numerous occasions that defendant comply with the agreement and that defendant refused. Consequently, the plaintiff union advised the defendant by telegram that it was prepared to submit the dispute to arbitration and it initiated arbitration procedures. The defendant company failed to select arbitrators or respond to arbitration. Defendant asserts that T–G Excavating, Inc., has notified plaintiff, within the 24-hour period requested in plaintiff's telegram, that it and defendant had fully complied with the subcontracting provisions. Defendant has not filed an answer to plaintiff's complaint but moves to dismiss the action for failure to join T–G Excavating, Inc., as an indispensable party under Rule 19, Federal Rules of Civil Procedure. Defendant states that complete relief cannot be granted between existing parties without the joinder of T–G Excavating, Inc. Defendant also states that T–G Excavating, Inc., has an interest in the subject matter and is so situated that disposition of the action in its absence will impair and impede its ability to protect that interest and will subject defendant to a substantial risk of incurring inconsistent obligations.

 As an initial matter, it should be pointed out that defendant's brief in support of its motion is devoid of any legal authority or factual allegations. It merely represents a paraphrase of Rule 19(a), Federal Rules of Civil Procedure. No reason is given as to why the action should be dismissed rather than ordering the absent party to be joined. Nor

is it stated exactly what T–G Excavating's interest in the subject matter is, how such interest could be impaired, or in what way defendant would be subject to incurring inconsistent obligations. As a general principle it is the policy of Rule 19 to avoid dismissal of actions whenever possible, consistent with justice. Bourdieu v. Pacific Western Oil Co., 299 U.S. 65, 57 S.Ct. 51, 81 L.Ed. 42, rehearing denied, 299 U.S. 622, 57 S.Ct. 228, 81 L.Ed. 458 (1936); Heath v. Aspen Skiing Corp., 325 F.Supp. 223 (D.C.Colo.1971); *See* C. Wright & A. Miller, Federal Practice and Procedure § 1602 (1972). Thus, where it is possible to join an absent party, dismissal is not the proper remedy. Such party will be ordered to enter the action as a defendant or involuntary plaintiff. *See generally* C. Wright & A. Miller, Id. §§ 1605–06. Under Rule 19, a two-step approach is required. The court first must decide whether the absent party is one who shall be joined under Rule 19(a). This requires a determination of whether the absent party is needed in order to grant complete relief to existing parties or whether he claims an interest in the subject matter and is so situated that an adjudication in his absence will impair his ability to protect that interest or will subject existing parties to a risk of multiple litigation. If the court determines that the absent party should be joined but it is not feasible to do so, then the court applies Rule 19(b) to determine whether a just adjudication can occur in his absence or whether such party is indispensable and the action must be dismissed. If a party should and can be joined, the court must order his joinder. *See generally* C. Wright & A. Miller, Id. § 1604.

■ This action was brought under § 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185(a). As a matter of law, the court only has jurisdiction to determine whether the dispute presented is one covered by the arbitration provision of the collective bargaining agreement. Int'l Union of Operating Engineers, Local 150 AFL–CIO v. Flair Builders, Inc., 406 U.S. 487, 92 S.Ct 1710, 32 L.Ed.2d 248 (1972); United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S. Ct. 1358, 4 L.Ed. 1424 (1960); United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 80 S. Ct. 1347, 4 L.Ed.2d 1409 (1960); United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed. 1403 (1960). The question before the court in this case is whether the dispute between plaintiff and defendant as to whether the subcontractor has complied with the provisions of Paragraph 21 of the collective bargaining agreement is that type of dispute governed by the arbitration provisions of the Collective Bargaining Agreement. In other words, the issue is whether the defendant can be compelled to arbitrate this dispute. The proper posture of the case is important in determining whether T–G Excavating, Inc., must be joined since the court must focus on pragmatic considerations rather than apply the rigid terminological descriptions under the former rule. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Evergreen Park Nursing and Convalescent Home, Inc. v. American Equitable Assurance Co., 417 F.2d 1113 (7th Cir. 1969); Broussard v. Columbia Gulf Transmission Co., 398 F.2d 885 (5th Cir. 1968).

■■ Rule 19(a) first provides that an absent party shall be joined if complete relief cannot be granted to those already parties to the action in his absence. The purpose of this requirement is to insure that the interests of the existing parties in securing complete relief, and that of the public in avoiding repeated suits, is protected. *See* Shields v. Barrow, 58 U.S. 130, 17 How. 130, 139, 15 L.Ed. 158 (1855); C. Wright & A. Miller, *supra* § 1604. In the present case, it is clear that complete relief can

be given to the parties in the absence of T–G Excavating. The only determination for the court is whether the dispute is one which must be submitted to arbitration as provided for in the collective bargaining agreement. Only plaintiff and defendant are concerned with the interpretation of the agreement. T–G Excavating, Inc., is not a party to the agreement and cannot be compelled to arbitrate. United Steelworkers v. Warrior & Gulf Nav. Co., *supra* at 582. Thus, complete relief in the form of an arbitration order can be given without the joinder of T–G Excavating, Inc.

■■■ Rule 19(a)(2) requires that an absent party be joined if the absentee claims an interest in the subject matter of the action and disposition of the case in his absence may prejudice his interest or that of existing parties. The determination of whether the absentee claims an interest· in the subject matter and whether his ability to protect that interest will be impeded or whether the existing parties will face multiple litigation in his absence is determined in the context of the dispute which forms the basis of the case. Window Glass Cutters League of America, AFL/CIO v. American St. Gobain Corp., 428 F.2d 353, 54 (3d Cir. 1970). The court, under Rule 19(a)(2), focuses on the practical consequences to the parties of non-joinder rather than on the legal or res judicata effect. Haas v. Jefferson Nat'l Bank of Miami Beach, 442 F.2d 394, 398 (5th Cir. 1971). The subject of the instant litigation involves the enforcement of the arbitration clause of the collective bargaining agreement and a determination of whether the dispute is arbitrable under the agreement. T–G Excavating, Inc., has no interest in an interpretation of the agreement or its arbitration clause. Although it may be true that the arbitrator's decision must necessarily include a determination of whether T–G Excavating, Inc., complies with Paragraph 21 requirements, such an inquiry is outside the scope of this litigation.

Drake Bakeries, Inc. v. Local 50, American Bakery & Confectionary Workers Int'l AFL/CIO, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962); Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962). Since T–G Excavating is not a party to the collective bargaining agreement, it has no interest in the outcome of this case, United Steelworkers v. Warrior & Gulf Nav. Co., *supra* at 582, and its joinder is not required.

Nor can defendant claim that it would be subject to multiple or inconsistent obligations unless T–G Excavating, Inc., is joined. T–G Excavating claims no interest in the subject matter. This case does not involve a question of whether the defendant could be subject to conflicting arbitration orders as in Window Glass Cutters League of America AFL/CIO v. American St. Gobain Corp., *supra*, and it is difficult to see how defendant could be subject to inconsistent obligations.

■■■ Because the court has decided that T–G Excavating is not a party who should be joined in the instant case, it is unnecessary to proceed with a complete analysis under Rule 19(b). *See* Prestenback v. Employer's Ins. Cos., 47 F.R. D. 163 (E.D.La.1964); C. Wright & A. Miller, supra § 1604.

■■■ However, it should be pointed out that § 301 of the Labor Management Relations Act gives plaintiff its only adequate remedy. 29 U.S.C.A. § 185(a). Since this court could not confer jurisdiction in the arbitrator over T–G Excavating, Inc., dismissal of the suit would leave plaintiff without a remedy and would thwart national labor policy. In equity and good conscience, this court could not order dismissal of the action under Rule 19(b) even if T–G Excavating could demonstrate an interest in the subject matter.

It is the order of this court that defendant's motion to dismiss under Rule 12(b)(7) is denied.