**VIRGINIA ELECTRIC AND POWER COMPANY**

v.

**The BUNKER RAMO CORPORATION.**

**Civ. A. No. 73–383–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 12, 1973.

Robert F. Brooks, E. Milton Farley, III, Hunton, Williams, Gay & Gibson, Richmond, Va., for plaintiff.

Robert H. Patterson, Jr., McGuire, Woods & Battle, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This case involves a suit for damages arising from an alleged breach of contract. Jurisdiction is attained pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds $10,000 exclusive of interest and costs. The case is presently before the Court on defendant's motion to dismiss for failure to join an indispensable party. Both parties have submitted memoranda on this issue and the matter is ripe for disposition.[1]

The facts in the complaint are as follows:

On or about December 11, 1967, Stone and Webster Engineering Corporation (Stone & Webster), acting on behalf of the Virginia Electric and Power Company (VEPCO), invited the Bunker Ramo Corporation (Bunker Ramo) to submit a bid for manufacturing certain "electrical penetration" assemblies to be used by VEPCO at its nuclear power station in Surry, Virginia, and to be manufactured in accordance with certain specifications furnished by Stone & Webster. Bunker Ramo submitted a bid which was accepted by Stone & Webster acting on behalf of VEPCO. According to VEPCO's complaint in this action, Bunker Ramo failed timely to deliver the assemblies and when said assemblies were delivered, they were defective due to failure to manufacture certain parts out of the specific alloy required by the alleged contract. VEPCO revoked its acceptance, purchased substitute assemblies, and instituted this action against Bunker Ramo for breach of contract and fraud.

Bunker Ramo now avers that this action cannot go forward without joinder of Stone & Webster as a party defendant. The question is controlled by Rule 19, Fed.R.Civ.P., which states as follows:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render

---

1. Motions by the defendant addressed to process and jurisdiction have been withdrawn.

the venue of the action improper, he shall be dismissed from the action.

Neither party questions that Stone & Webster could be both served and joined without destroying diversity. The issue, then, is only whether Stone & Webster comes within the description of Rule 19(a)(1) or 19(a)(2).

■ It does not appear that complete relief cannot be accorded with the parties in their present posture. VEPCO seeks damages from Bunker Ramo. Stone & Webster is not necessary to the collection of those damages from the defendant if VEPCO should prevail, nor does there appear any way in which Stone & Webster would share liability arising out of this suit. Since complete relief can presently be granted, Rule 19(a)(1) is inapplicable. See Bradley v. School Board of the City of Richmond, 51 F.R.D. 139, 141 (E.D.Va.1970).

Rule 19(a)(2) applies when an absent party "claims an interest relating to the subject of the action." Cases dealing with this subsection of the Rule have addressed themselves particularly to situations where a single fund or *res* is the subject of contention in the suit and an absent party may have a legal right to all or part of that fund. See, *e. g.,* Provident Tradesmen's Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); Haas v. Jefferson National Bank, 442 F.2d 394 (5th Cir. 1971). In such a case the possibility that action in the absence of the party may "(i) as a practical matter impair or impede his ability to protect [his] interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest" is direct.

Under these cases, the interest of the absent party is independent of the interest of parties already in the suit. Hodgson v. School Board, 56 F.R.D. 393 (W. D.Pa.1972), cited by Bunker Ramo falls squarely within this pattern. In that case, the Secretary of Labor sued under the Fair Labor Standards Act alleging that defendants failed to compensate certain employees in accordance with the terms of that Act. The defendants claimed that all employees were compensated within the terms of a collective bargaining agreement. The Court held the union which had negotiated that agreement an indispensable party irrespective of whether its pleasure or displeasure could be anticipated were the Secretary's action to be successful. But the salient point in that case was the independent legal right of the union to attempt to preserve its contract if it so chose.

No similar independent right appears in the instant case. The contract with defendants appears on its face to have been negotiated by Stone & Webster only on behalf of VEPCO. An agency relationship was clearly set forth and apparently never questioned by either party. If there was such an agency arrangement, the defendant would owe no duty to Stone & Webster separable from that it owed to VEPCO, and no basis for any further suit by Stone & Webster would exist. The defendant's motion regarding prejudice to it, then, must anticipate a future determination in a subsequent suit by Stone & Webster that Stone & Webster was in fact an independent contractor and that it contracted for itself and was the real and only party in interest on the contract. Thus being bound neither by res judicata nor collateral estoppel, Stone & Webster, it is argued, might relitigate the merits of the same transaction, potentially producing an inconsistent judgment. Thus, rather than the different legal interests in a single res normally the subject of Rule 19 litigation, defendant here advances the possibility that the single legal interest embodied in the single document under which plaintiff sues may at some future date be claimed by someone else. There is no indication that Stone & Webster has ever hinted at such a claim. Nor, regardless of what relation-

ship existed between VEPCO and Stone & Webster for other purposes, are there any facts at this stage on which this Court might speculate that the agency relationship indicated on the face of the document in question might not reflect a relationship consistent with its appearance. Defendant has done no more than theorize on the possibility.[2] In all, the Court does not find the "substantial risk" of imposition of inconsistent obligations on the defendant[3] if Stone & Webster is not joined required by Rule 19(a)(2)(ii).

For the reasons stated above, defendant's motion to dismiss shall be denied.

An appropriate order shall issue.

---

2. Furthermore, defendant is free to defend this action on the grounds that VEPCO is not a proper party and, while not infallible, this Court stands ready to prevent any initial improper recovery.

3. Although under certain circumstances the absence of Stone & Webster might present a risk of inconsistent judgments against VEPCO, neither party has expressed concern over the possibility, and VEPCO has in fact vigorously opposed joinder. The Court is not in a position on the present state of the pleadings to say that that risk is substantial and cannot, under the circumstances, compel joinder on that basis.