**FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for First State Bank of Sisseton, Sisseton, South Dakota, Farmers State Bank, Maddock, North Dakota and The Lewistown Bank, Lewistown, Illinois, Plaintiff,**

v.

**LINDQUIST & VENNUM, a general partnership, Defendant.**

Civ. No. 3–87–781.

United States District Court,
D. Minnesota,
Third Division.

Jan. 10, 1989.

John D. Levine, Brian E. Palmer, Laurie A. Vasichek, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Robert Bayer, Henson & Efron, Minneapolis, Minn., for defendant.

## ORDER

DEVITT, District Judge.

The plaintiff has moved for summary judgment. Based upon the submitted memoranda and all records, files and proceedings herein, the motion is granted.

### Background

In this case, the FDIC is acting as receiver for three separate banks: the First State Bank of Sisseton in Sisseton, South Dakota; the Farmers State Bank in Maddock, North Dakota; and the Lewistown Bank in Lewistown, Illinois. Mary Curtain, a former partner at Lindquist & Vennum, advised the directors and officers of the three banks to establish trust accounts to be used in part to defend themselves against actions initiated by the FDIC. The trusts were established at a time when the directors and officers of the banks knew that failure or closure was imminent. The FDIC seeks the return of the funds from the trustee, Lindquist & Vennum.

### Discussion

■ Lindquist & Vennum does not dispute the FDIC's contention that the transactions establishing the trusts are void under the state law applicable to each trust. Rather, defendant claims that this suit is improperly brought in federal court and urges its dismissal on procedural grounds. In any event, defendant acknowledges that it will be required to return the trust funds to the FDIC at some time.

Defendant argues that this case should be dismissed for lack of jurisdiction. The FDIC has brought this action as a diversity case and takes the position that as receiver, the FDIC is considered to have the citizen-

ship of the banks in receivership. FDIC claims federal diversity jurisdiction exists because the citizenship of each of the banks and defendant is diverse.

The defendant argues that even though the banks and it have diverse citizenship, the FDIC is statutorily precluded from pursuing these claims in federal court based on diversity. Defendant points to language in 12 U.S.C. § 1819 (Fourth) which provides:

All suits of a civil nature at common law or in equity to which the Corporation [FDIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and the Corporation may, without bond or security, remove any such action, suit or proceeding from a State court to the United States district court for the district or division embracing the place where the same is pending ... except that any such suit to which the Corporation is a party in its capacity as receiver of a State bank and which involves only the rights or obligations of depositors, creditors, stockholders, and such State bank under State law shall not be deemed to arise under the laws of the United States.

In addition, defendant points to several cases in which a federal court of appeals held that this provision required dismissal of the FDIC's claims for lack of jurisdiction when they were claimed to fall within the court's diversity jurisdiction. *Federal Deposit Ins. Corp. v. Elefant,* 790 F.2d 661 (7th Cir.1986); *Federal Deposit Ins. Corp. v. Sumner Fin. Corp.,* 602 F.2d 670 (5th Cir.1979).

■ As pointed out by the plaintiff, neither *Elefant* nor *Sumner* is directly on point. In both cases, the FDIC claimed that its citizenship was the District of Columbia, its physical location. For sound reasons of policy, these courts determined that the FDIC as receiver should not be allowed to transplant cases which would have been state cases absent the receivership into federal court on the basis of diver-

sity jurisdiction. However, the court in *Elefant* explicitly stated that its ruling did not determine whether the FDIC could claim diversity jurisdiction in cases where the bank in receivership and defendant were citizens of different states. *Elefant,* 790 F.2d at 666.

The court went on to suggest that in such cases, diversity jurisdiction could properly be invoked by the FDIC:

Although § 1819 prevents the migration of state claims to federal courts because of the presence of the FDIC, there is no reason to think that Congress demanded that claims properly in federal court without regard to the FDIC be sent to state courts.

*Id.* There is no reason to read § 1819 so broadly that the FDIC as receiver has fewer rights than the bank in receivership, consequently, defendant's argument on this point must be rejected.

■ Defendant also argues that the case must be dismissed due to plaintiff's failure to join indispensable parties, namely, the officers and directors of the banks. Rule 19 of the Federal Rules of Civil Procedure establishes a two-step procedure for determining whether a party is indispensable, requiring dismissal. First the court must make a determination of whether a party is necessary. If necessary, the party must be joined. However, if a party is necessary but joinder would destroy diversity, the court must consider a number of factors to determine whether the interests of justice require that the case proceed absent the party or be dismissed. Thus, the first determination which the court must make is whether the officers and directors are necessary parties.

■ Rule 19(a) provides that a party is necessary if: "(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk

of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Complete relief can be afforded among those already parties. Plaintiff seeks return of the trust funds held by defendant. If plaintiff is successful, no other party would be needed for this relief to be afforded.

Defendant claims that the officers and directors claim an interest in the trusts and that failure to join them to this suit impairs their ability to protect that interest. The interests of the officers and directors are so similar to those of the defendant that these interests are adequately protected. Defendant has denied the claimed illegality of the subject transactions in its answer to the complaint, has asserted that the trusts are lawful in interrogatory answers and has fully participated in the discovery process. That counsel for defendant has now concluded that there is no arguable substantive defense to the FDIC's claims does not necessitate the conclusion that the officers' and directors' interests are unprotected. Given the diligent efforts of defendant to defend this action the better conclusion is that the trustee is capably representing the interests of the beneficiaries in this case, making joinder of the beneficiaries unnecessary. *Cheyenne River Sioux Tribe v. United States,* 338 F.2d 906, 910 (8th Cir.1964).

Furthermore, counsel for the officers and directors has been made aware of the pendency of this suit. See affidavit of Robert Bayer, para 4–5. Despite this knowledge, no attempt to intervene or assertion of an interest has been made by any of the officers or directors of any of the banks. In fact, the officers and directors of the First State Bank of Sisseton have made an affirmative determination not to pursue any possible interest they may have in the trust funds. See Defendant's Summary Judgment Memorandum, p. 4. This failure to intervene demonstrates a belief that any interests of the absent parties are adequately represented by defendant.

The final consideration required by Rule 19(a) is whether failure to join the officers and directors subjects defendant to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. This factor requires joinder only if there is a substantial risk defendant will be sued again over these trusts and that such a suit would be successful. *de Vries v. Weinstein Intern. Corp.,* 80 F.R.D. 452 (D.Minn. 1978). There appears to be little risk of such a circumstance in this case where, if the FDIC prevails, defendant will be required to return the trust funds. Under these circumstances, it is unlikely that the officers and directors would either sue defendant for the trust funds or prevail should such a suit be brought. Rule 19 does not require joinder of the officers and directors as necessary parties; thus, consideration of whether this case must be dismissed under Rule 19(b) is unnecessary.

Given the conclusions that the court has jurisdiction to proceed in this matter, and that the essential parties are joined, along with defendant's failure to oppose plaintiff's motion for summary judgment on substantive grounds, the motion must be granted. Accordingly, IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

Let judgment be entered accordingly.