49 F.3d 1421
 40 Cont.Cas.Fed. (CCH) P 76,761
 UNITED STATES of America, for the Use of C.W. HENDERSON, and
Wanda Henderson, husband and wife, doing business
as C.W. Henderson Construction Co., a
sole proprietorship,
Plaintiffs-Appellants,
v.
NUCON CONSTRUCTION CORPORATION; A.J. Jones Construction
Co., and a limited partnership Aetna Casualty and
Surety Co.; Entities 5-100, Defendants-Appellees.
 Nos. 93-16651, 93-17027.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 15, 1995.
Decided March 13, 1995.
 
 Mark L. Collins, Tucson, AZ, for plaintiffs-appellants.
 Michael J. LaVelle, Allen, Kimerer & LaVelle, and Merrick B. Firestone, Phoenix, AZ, for defendants-appellees.
 Appeals from the United States District Court for the District of Arizona.
 Before: REINHARDT, THOMPSON and KLEINFELD, Circuit Judges.
 DAVID R. THOMPSON, Circuit Judge:
 
 
 1
 The district court dismissed a subcontractor's Miller Act suit for failure to join the general contractor as an indispensable party. The court also awarded attorney fees to the defendants. Because we hold the general contractor is not an indispensable party in a Miller Act suit by a subcontractor against the Miller Act surety, we reverse the dismissal, vacate the award of attorney fees, and remand for further proceedings.
 
 FACTS
 
 2
 Centric-Jones, a Colorado limited partnership, was the general contractor on a contract with the Federal Bureau of Reclamation to construct a portion of a federal project in Arizona. As required by the Miller Act, 40 U.S.C. Secs. 270a-d, Centric-Jones obtained a performance bond from Aetna Casualty and Surety Company (Aetna). Centric-Jones subcontracted excavation work to the Hendersons (collectively "Henderson").
 
 
 3
 Each party to the subcontract disputed performance by the other. Henderson brought suit in the United States District Court seeking a recovery under the Miller Act. He named and properly served the surety, Aetna, as one of the defendants. He also named and served "Nucon Construction Corp. d/b/a Centric-Jones Co." as another defendant. The district court found that the general contractor, Centric-Jones, had not been properly served and thus was not a party to the action. The district court further found that Centric-Jones, as the general contractor, was an indispensable party and dismissed the lawsuit.
 
 
 4
 In Henderson's appeal to this court, he initially challenged the district court's finding that Centric-Jones had not been properly served. At oral argument, however, he represented that if we found Centric-Jones was not an indispensable party, we need not address the district court's finding that service on Centric-Jones was improper. According to Henderson, the service-of-process issue would be irrelevant so long as he could proceed against Aetna. Accordingly, we do not decide, but simply assume, that service on Centric-Jones was improper and that the district court correctly held the general contractor had not been properly served and was not a party to the action.
 
 DISCUSSION
 
 5
 The only issue in this appeal is whether the general contractor is an indispensable party in a suit by a subcontractor against the surety under the Miller Act. The time for Henderson to serve the general contractor has expired, and as a result the district court's dismissal, although without prejudice, is a final order and we have jurisdiction over this appeal pursuant to 28 U.S.C. Sec. 1291. Kilkenny v. Arco Marine Inc., 800 F.2d 853, 855-56 (9th Cir.1986), cert. denied, 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987).
 
 
 6
 The section of the Miller Act pertinent to this appeal reads: "Every person who has furnished labor or material ... and who has not been paid in full therefor ... shall have the right to sue on such payment bond...." 40 U.S.C. Sec. 270b(a). The words "sue on such payment bond" are unambiguous. The statute authorizes suits solely against the surety as the issuer of the bond.
 
 
 7
 The Miller Act replaced the Heard Act. The Heard Act authorized suits by subcontractors "against said contractor and his sureties." 40 U.S.C. Sec. 270 (repealed Aug. 24, 1935, 49 Stat. 794). This circuit interpreted the Heard Act to allow a suit against the surety without joining the general contractor. Seaboard Surety Co. v. United States, 84 F.2d 348, 350 (9th Cir.1936) ("Congress intended that the suit could be brought against the surety alone."). When Congress replaced the Heard Act with the Miller Act, it removed the reference to "said contractor." This was consistent with our holding in Seaboard.
 
 
 8
 Moreover, all courts to consider the question have concluded that a surety alone may be sued by a subcontractor under the Miller Act. United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 945 (4th Cir.1967) (dicta); United States ex rel. Apex Roofing and Insulation, Inc. v. Union Indemnity Ins. Co., 865 F.2d 1226, 1227 (11th Cir.1989) (relying on Georgia law); United States ex rel. Way Panama, S.A. v. Uhlhorn Int'l, S.A., 238 F.Supp. 887, 891 (D.C.Z.1965), aff'd, 378 F.2d 294 (5th Cir.), cert. denied, 389 U.S. 1004, 88 S.Ct. 561, 19 L.Ed.2d 598 (1967).
 
 
 9
 The defendants argue Arizona law controls the question whether the general contractor is an indispensable party. They argue that this is so because in this circuit we apply state contract law to interpret contracts underlying Miller Act claims. United States ex rel. Reed v. Callahan, 884 F.2d 1180, 1185 (9th Cir.1989), cert. denied, 493 U.S. 1094, 110 S.Ct. 1167, 107 L.Ed.2d 1069 (1990).
 
 
 10
 This argument misses the mark. The issue before us is not one of contract interpretation. We are called upon to interpret the Miller Act. This is a question of federal not state law. See F.D. Rich Co. v. United States, 417 U.S. 116, 127, 94 S.Ct. 2157, 2164, 40 L.Ed.2d 703 (1974) ("The Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law.").
 
 
 11
 Federal law is clear. Under the express language of the Miller Act, a suit may be maintained by a subcontractor against the Miller Act surety without joining the general contractor. We so hold.
 
 CONCLUSION
 
 12
 The district court erred in dismissing Henderson's Miller Act claim for failure to join the general contractor. The district court's judgment of dismissal is reversed. Its award of attorney fees to the defendants is vacated. This cause is remanded to the district court for further proceedings consistent with this opinion.
 
 
 13
 REVERSED and REMANDED.