**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DOUGLAS A. PATTERSON,
              *Plaintiff-Appellant,*

v.

STATE BUREAU OF INVESTIGATION;
NORTH CAROLINA DEPARTMENT OF
JUSTICE,
              *Defendants-Appellees.*

No. 03-1601

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, District Judge.
(CA-01-236)

Submitted: November 5, 2003

Decided: February 17, 2004

Before NIEMEYER, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed as modified by unpublished per curiam opinion.

---

**COUNSEL**

Nancy Pulliam Quinn, THE QUINN LAW FIRM, Greensboro, North Carolina, for Appellant. Roy Cooper, Attorney General, John H. Watters, Special Deputy Attorney General, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Douglas A. Patterson appeals the district court's order dismissing his action, alleging employment discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000), and pendent state claims, for failure to timely proceed as directed by the court. The district court's dismissal operates as an adjudication of the merits under Fed. R. Civ. P. 41(b). We affirm the dismissal of Patterson's claims, but on the alternate ground that the court lacked subject matter jurisdiction over Patterson's claims. In light of this basis for our decision, the judgment of the district court is modified to reflect that the dismissal of the complaint is without prejudice.*

This Court "must consider questions regarding jurisdiction whenever they are raised, and even sua sponte." *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (en banc). If this Court concludes that the district court lacked subject matter jurisdiction, the case must be dismissed without prejudice. *See id.* at 219, 222; *see*

---

*We note that the district court did not warn Patterson of its intention to dismiss his action with prejudice. Nor is it clear from the record that the district court applied the four factors required by this Circuit before dismissing an action for failure to prosecute or comply with court orders. These facts, combined with the potential unfairness in penalizing Patterson for the conduct of his counsel, prompt both parties to suggest on appeal that the district court may have exceeded its discretion in dismissing Patterson's claims with prejudice. *See Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171 (4th Cir. 1990); *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989); *Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir. 1986). On account of our conclusion that Patterson's complaint should have been dismissed without prejudice for lack of jurisdiction, we need not consider whether the district court's sanction of dismissal with prejudice for failure to prosecute was appropriate.

*also* Fed. R. Civ. P. 41(b). Even when other issues are raised, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations omitted); *see also In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by statute. A primary incident of that precept is our duty to inquire, *sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears.").

Patterson failed to exhaust his state administrative remedies under N.C. Gen. Stat. § 126-16 (2001) prior to filing his charge with the Equal Employment Opportunity Commission and filing this action. In their district court filings, Appellees denied that Patterson had exhausted his administrative remedies or otherwise met all jurisdictional prerequisites to suit. Appellees also filed a motion to dismiss the action for lack of subject matter jurisdiction. Although the district court gave Patterson additional time in which to exhaust these remedies, he failed to do so or to otherwise sustain his burden of proving jurisdiction. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Because Patterson never exhausted his state remedies, the district court lacked both original jurisdiction of his Title VII claims, *see Davis v. N.C. Dep't of Corr.*, 48 F.3d 134 (4th Cir. 1995), and supplemental jurisdiction of his pendent state claims, *see* 28 U.S.C. § 1367(a) (2000). Accordingly, we modify the judgment below to reflect that the case is dismissed without prejudice for lack of jurisdiction, and we affirm the judgment as modified. *See* 28 U.S.C. § 2106 (2000); *MM ex rel. DM v. Sch. Dist. of Greenville County*, 303 F.3d 523 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record."). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*