UNITED STATES of America, for and on behalf of CBC of Charleston, Inc., Plaintiff,

v.

RCS CORPORATION, Carlos F. Garcia, Individually, and Western Surety Co., Defendants.

C.A. No. 2:04–22911–23.

United States District Court, D. South Carolina, Charleston Division.

Feb. 11, 2005.

William A. Scott, Pedersen & Scott, P.C., Charleston, SC, for Plaintiff.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and 12(b)(7). For the reasons set forth herein, Defendants' motion is denied.

## BACKGROUND

This action involves the construction of the Medical Training Facility in Charleston, South Carolina pursuant to a contract between the United States Government, Department of the Navy, and RCS Corporation ("RCS"). Around December 10, 2003, RCS, the prime contractor, subcontracted certain portions of the work to Plaintiff CBC of Charleston, Inc. ("CBC") (hereinafter "the RCS–CBC subcontract") and to a non-party to this litigation, Howell & Howell Contractors ("Howell"). Howell then subcontracted some of its work to Plaintiff CBC (hereinafter "the Howell–CBC subcontract"). Pursuant to the Miller Act, 40 U.S.C.A. §§ 3131–3133, Defendant Western Surety Co. ("Western") issued a payment bond to RCS to insure payment for services, labor, and material performed by the subcontractors.

Plaintiff CBC contends that during the performance of the prime contract, the Government and/or RCS allegedly made changes in design and in the construction schedule, failed to provide adequate supervision or information necessary for construction, and generally mismanaged the project delaying and disrupting the work required of CBC. CBC maintains that it performed the work required by the RCS–CBC subcontract despite these difficulties. On August 25, 2004, RCS terminated CBC under this subcontract. RCS directed CBC to continue performing work under the Howell–CBC subcontract. In this lawsuit, CBC claims that it has not received payment for its labor, materials, and services in connection with the Medical Training Facility contract. CBC asserts the following claims: (1) a Miller Act bond claim against Western Surety; (2) breach of the RCS–CBC subcontract; (3) a demand for payment under S.C.Code Ann. § 27–1–15; and (4) a violation of the South Carolina Unfair Trade Practices Act against Defendants RCS and Garcia.

## STANDARD OF REVIEW

### A. Fed.R.Civ.P. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). As a general rule, the court considers only the facts alleged on the face of the complaint. *See* Fed.R.Civ.P. 12(b)(6) (when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56").

### B. Fed.R.Civ.P. 12(b)(7)

Under Fed.R.Civ.P. 12(b)(7), an action may be dismissed for failure to join an

indispensable party under Fed.R.Civ.P. 19. Federal Rule of Civil Procedure 19(a) sets forth those parties that should be joined in an action, if feasible. Under this rule, a party is "necessary" if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. Pro. 19(a).

If a necessary party cannot be joined, the court must then decide whether that party is "indispensable" under Fed. R.Civ.P. 19(b). If the party is indispensable, the court must dismiss the action. In determining whether a party is indispensable, the court weighs the following factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). The Fourth Circuit Court of Appeals has held that "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or ineffi-

ciency will certainly result." *Owens–Illinois, Inc. v. Meade,* 186 F.3d 435, 441 (4th Cir.1999). Moreover, "[t]he inquiry contemplated by Rule 19 ... is addressed to the sound discretion of the trial court." *See Coastal Modular Corp. v. Laminators, Inc.,* 635 F.2d 1102, 1108 (4th Cir.1980).

## ANALYSIS

Defendants raise three arguments in support of dismissal of CBC's' complaint. First, Defendants contend that the entire action should be dismissed pursuant to Fed.R.Civ.P. 12(b)(7) because CBC has failed to name Howell as a party to this action. Defendants contend that Howell "is a necessary and indispensable party to this lawsuit where its subcontractor is seeking payment directly from the Prime Contractor with which Howell & Howell has the direct contractual relationship." (Def. Mem. at 1–2). Second, Defendants argue that, in any event, CBC's Unfair Trade Practices Act claim should be dismissed because the Act does not apply to a breach of the commercial contract as alleged by CBC. Finally, Defendants argue that all claims against Defendant Carlos Garcia should be dismissed as there is no basis for finding him personally liable for the acts alleged by CBC. The court addresses each of Defendants' argument in turn.

### A. Howell as a Necessary and Indispensable Party under Rule 19

As discussed above, Rule 12(b)(7) requires the court to conduct a two-part analysis: first, the court must determine whether Howell is a necessary party to this action pursuant to Rule 19(a), and second, the court must conclude whether, if Howell cannot be joined, Howell constitutes an indispensable party under Rule 19(b).

### 1. Whether Howell is a Necessary Party

Defendants first argue that Howell is a necessary party under Rule 19(a) because it has a substantial interest in the outcome of this litigation that is not adequately represented by the current parties. As Defendants point out, it appears that CBC is attempting to recover monies owed to it both from its work under the RCS–CBC subcontract, and the Howell–CBC subcontract. For example, CBC's third cause of action makes a demand for payment "for unpaid monies owed for [CBC's] work at the Medical Training Facility." (Compl.¶ 29, 31). Similarly, CBC's fourth cause of action complains of unfair trade practices in RCS's failure to pay CBC for work performed, but does not stipulate that CBC is only seeking recovery under the RCS–CBC subcontract.[1]

■ Given CBC's failure to explicitly limit the relief it seeks to that owed under the RCS–CBC subcontract, it is reasonable to infer that CBC attempts to recover all monies owed in connection with the Medical Training Facility construction, including monies owed under the Howell–CBC subcontract.[2] Because CBC contracted directly with Howell, and would have been paid by Howell for its work performed in connection with the Howell–CBC subcontract, the court concludes that Howell is a necessary party. Thus, any determination of contractual obligations, compliance, or failure to pay necessarily involves Howell, as a party who contracted both with RCS and CBC. *See, e.g., Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington,* 699 F.2d 1274, 1279–80 (D.C.Cir.1983) (district court did not abuse its discretion in dismissing breach of contract action brought against bank in which third party with whom the contract was made had deposited funds, as the obligation of the third party was centrally at issue in the action and the third party was indispensable but joinder would destroy diversity jurisdiction); *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc.,* 456 F.Supp. 831, 836 n. 7 (D.Del.1978) (holding that if the "rights sued upon arise from a contract, all parties to the contract must be joined"); *Jacobsen v. Luckenbach Steamship Co.,* 201 F.Supp. 883, 889 (D.Or. 1961) ("[A]ll parties [to a contract] are deemed indispensable and should be joined").

Moreover, no party here can be said to adequately represent Howell,[3] and litiga-

---

1. In its opposition memorandum, CBC argues only that a contractor is not a necessary and indispensable party in a claim under the Miller Act against the surety. The court agrees with this proposition and is not troubled by CBC's first cause of action against Western Surety. However, as discussed above, CBC's third and fourth causes of action are not Miller Act claims and seemingly seek recovery for monies owed under the subcontract between CBC and Howell.

2. CBC's memorandum in opposition to dismissal affirms the court's suspicion that CBC seeks to recover monies due under the Howell–CBC subcontract. CBC states therein that "the only reason that CBC has not been paid by Howell & Howell is because RCS has failed to pay Howell & Howell." (Pl. Mem. at

3). Accordingly, it seems that CBC did not wish to join Howell in this litigation because it believes Howell is without fault, and because it believes that any recovery must ultimately come from RCS.

3. For example, it is apparent from CBC's opposition memorandum that Howell has not paid CBC for work in connection with the project. While CBC maintains that this is because RCS has not paid Howell, RCS's position, obviously, is that CBC breached contractual obligations and thus was rightfully terminated. Without Howell being made party to this litigation, the court is unsure of Howell's position with respect to the alleged breach of contract, and thus unsure of whether Howell's decision not to pay CBC was justified or not.

tion without Howell would clearly impede Howell's interest in resolving all liabilities surrounding the construction of the Medical Training Facility. Finally, allowing this action to go forward without Howell could ultimately result inconsistent obligations for Defendants if, for example, this court were to determine that Defendants wrongfully terminated CBC, and a later court were to conclude that CBC breached the terms of the Howell–CBC subcontract. Accordingly, the court concludes that Howell is a necessary party. *See, e.g., Teamsters Local Union No. 171 v. Keal Driveaway Co.,* 173 F.3d 915, 918–19 (4th Cir.1999) (continuing without the necessary party is impermissible because permitting the suit to proceed without unjoined parties could subject a joined party to conflicting legal obligations); *Schlumberger Indus., Inc. v. National Sur. Corp.,* 36 F.3d 1274, 1286 (4th Cir.1994) (holding that the potential for factual and legal "whip-saw" favored finding that the unjoined party was necessary).

## 2. Whether Howell is Indispensable

Because the court has determined that Howell is a necessary party, the court must consider whether Howell is an indispensable party only if Howell cannot be joined. *See, e.g.* Fed.R.Civ.P. 19(a) ("If the person has not been so joined, the court shall order that the person be made a party."); Fed.R.Civ.P. 19(b)("If a person as described in subdivision (a)(1)-(2) hereof *cannot be made a party,* the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus re-

garded as indispensable.") (emphasis added). Typically, this situation arises when the addition of a non-party would destroy diversity. *See, e.g., Owens–Illinois v. Meade,* 186 F.3d 435, 440 (4th Cir.1999). Here, however, neither party has offered any reason why Howell cannot be joined. The parties are not before this court on the basis of diversity jurisdiction, but rather, pursuant to federal question jurisdiction conferred by the Miller Act, *see* 40 U.S.C. § 3133. CBC's non-Miller Act claims have been properly joined in accordance with 28 U.S.C. § 1367. *See United States ex rel. Varco Pruden Bldgs. v. Reid & Gary Strickland Co.,* 161 F.3d 915, 919 (5th Cir.1998) ("28 U.S.C. § 1367 makes possible simultaneous prosecution of Miller Act and state law claims.").

■■■ Because the court's jurisdiction does not hinge on diversity of citizenship, the court sees no jurisdictional reason barring Howell's joinder. As the Fourth Circuit has reasoned, "[c]ourts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied...." *See Owens–Illinois,* 186 F.3d at 441. Here, the court believes any defect can be remedied without a dismissal of the entire action. Because the parties have presented no reason—jurisdictional or otherwise—why Howell cannot be joined, the court believes that the most appropriate resolution of this matter is to allow CBC to file an amended pleading naming Howell as a party. Should this be impossible for a reason not foreseeable to the court, CBC is ordered to submit supplemental briefing on this issue.[4] At that

---

**4.** Additionally, should CBC have some pragmatic or strategical reason for not wishing to join Howell, there may be additional remedies which would cure the defects discussed herein. For example, CBC could proceed on its Miller Act claim against Western without

Howell. *See, e.g., United States ex rel Henderson v. Nucon Const. Corp.,* 49 F.3d 1421, 1423 (9th Cir.1995); *United States ex rel. Hudson v. Peerless Ins. Co.,* 374 F.2d 942, 945 (4th Cir.1967). Four elements must be proven by a plaintiff to collect under the Mil-

point, the court will address whether CBC is an indispensable party in whose absence the litigation cannot proceed.

## B. The Propriety of CBC's Unfair Trade Practices Act Claim

Defendants next argue that CBC's unfair trade practices claim must be dismissed because even a deliberate or intentional breach of contract does not constitute an unfair trade practice. (Def. Mem. at 6). Additionally, Defendants argue, CBC's claims do not affect other parties, nor are they capable of repetition.

■ At this stage of the litigation, the court is reluctant to conclude that there are no set of facts which might potentially enable CBC to relief on its unfair trade practices claim. "Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present." *Wolman v. Tose*, 467 F.2d 29, 33 n. 5 (4th Cir.1972); *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)("A complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing."). Here, CBC alleges that RCS's failure to pay was perpetuated as part of a fraudulent act, that RCS's actions affect the public interest, and that RCS's acts are capable of repetition. Both this district and the South Carolina Su-

preme Court have reasoned that SCUPTA should be given a liberal construction, and is applicable in contexts outside of the usual consumer protection and antitrust actions. *See, e.g., McTeer v. Provident Life and Acc. Ins.*, 712 F.Supp. 512 (D.S.C. 1989) (holding that SCUTPA is not limited solely to consumer transactions); *Prestwick Golf Club, Inc. v. Prestwick, Ltd. Partnership*, 331 S.C. 385, 503 S.E.2d 184, 187 (1998). As CBC has properly alleged the elements of an unfair trade practices violation, and the court cannot conclude that there is no set of facts by which CBC might prove RCS fraudulently failed to pay, and, for example, had a policy or practice of doing so, the court cannot dismiss this cause of action under Fed. R.Civ.P. 12(b)(6).[5]

## C. The Propriety of Garcia as a Defendant

■ Defendants' final argument is that Garcia is not a proper Defendant on CBC's Unfair Trade Practices Act claim. As CBC points out, the South Carolina Supreme Court has held that under South Carolina's Unfair Trade Practices Act, corporate officers may be held liable for the corporation's unfair trade practices if they personally commit, participate in, direct, or authorize the commission of a violation of the Act. *See Plowman v. Bagnal*, 316 S.C. 283, 450 S.E.2d 36, 38 (1994) ("[W]e hold that in private actions under the UTPA, directors and officers are not liable for the

---

ler Act: 1) that materials were supplied for work in the particular contract at issue; 2) that the supplier is unpaid; 3) that the supplier had a good faith belief that the materials were for the specified work; and 4) that jurisdictional requisites are met. *United States v. Avanti Constructors, Inc.*, 750 F.2d 759 (9th Cir.1984). In the court's opinion, the distinction between CBC's Miller Act claim against Western and CBC's other claims against RCS is that the Miller Act claim requires no consideration of the underlying subcontracts, or

breaches thereof, while CBC's remaining claims do.

5. Additionally, the court notes that it is quite common for parties to simultaneously allege breach of contract with fraudulent intent and SCUTPA claims. Accordingly, Defendants' argument that a SCUTPA claim can never be brought based on a breach of contract is unnecessarily broad.

corporation's unfair trade practices unless they personally commit, participate in, direct, or authorize the commission of a violation of the UTPA."). Because CBC has alleged that Garcia knowingly participated in, authorized, ordered, and helped perpetuate the tortuous actions against CBC, CBC has properly pled a claim against Garcia for purposes of Fed.R.Civ.P. 12(b)(6).

## CONCLUSION

It is therefore, **ORDERED,** for the foregoing reasons, that Defendants' Motion to Dismiss is **DENIED.** It is further **ORDERED** that Plaintiff CBC is afforded fifteen (15) days from the date of the issuance of this Order to file an amended pleading joining Howell as a party to this action or to provide the court with supplemental briefing explaining why Howell cannot be joined.

**AND IT IS SO ORDERED.**