STATE OF MARYLAND, Mayor and City Council of Baltimore, and Stephen H. Sachs, Attorney General of Maryland

v.

The BUZZ BERG WRECKING COMPANY, INC., et al.

Civ. A. No. M–78–781.

United States District Court,
D. Maryland.

Sept. 8, 1980.

Stephen H. Sachs, Atty. Gen. of Md., and Mark D. Gately, Asst. Atty. Gen., Baltimore, Md., for plaintiff, State of Maryland.

Benjamin L. Brown, City Sol., and Valentine A. Kogler, Jr., Asst. City Sol., Baltimore, Md., for plaintiff, Mayor and City Council of Baltimore.

Leonard S. Freedman,, Baltimore, Md., for The Buzz Berg Wrecking Co., Inc. and Gerald W. Berg, also known as Buzz Berg.

Lawrence S. Greenwald and Barry Rosen, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., for State Wrecking Co. of Md., Inc. and Joseph Tuller.

Thomas D. Washburne and Pamela J. White, Ober, Grimes & Shriver, Baltimore, Md., for Harford Contracting Company, Inc., Charles Edward Collison, and Timothy Collison.

James R. White, Baltimore, Md., for Roland Larkin, Inc. and Roland D. Larkin.

W. Hamilton Whiteford, Nevett Steele, Jr., and Gerson B. Mehlman, Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for The Charles J. Spielman Co., Inc., Charles J. Spielman, and C. Gordon Spielman.

Robert G. Levy and Berryl A. Speert, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., and Wilbur Greenberg, Sidkoff, Pincus, Greenberg & Green, Philadelphia, Pa., for Robert L. Hawthorne, Inc., Andrew Hawthorne, and Edgar Hawthorne.

George L. Russell, Jr. and Kenneth L. Thompson, Baltimore, Md., for T & T Wrecking Co. and Erastus Tinsley.

Michael E. Marr and Joseph L. Evans, Baltimore, Md., for Ottavio F. Grande.

Henry L. Belsky, Steinberg, Potler & Belsky, Baltimore, Md., for Pietro Castagna, also known as Peter Castagna.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

This case comes before the court on the motion of Ottavio F. Grande,.defendant, to dismiss Count III of the amended complaint.[1] and the motions of Harford Contracting Company, Inc., Charles Edward Collison, Timothy Collison, The Charles J. Spielman Company, Inc., C. Gordon Spielman, and Charles J. Spielman to strike the amended complaint.[2] The amended com-

---

[1.] The court granted leave to file the amended complaint in Pretrial Order No. 1 (Paper No. 44), reserving the defendant's right to move to strike the amendment.

[2.] The remaining defendants, with the exception of the Castle Construction Company, Pietro Castagna, Robert L. Hawthorne, Inc. Andrew Hawthorne, and Edgar Hawthorne (as to the Hawthorne defendants, see Paper No. 61) have filed answers to the amended complaint.

Since the initial preparation of this Memorandum and Order, the criminal case against Andrew and Edgar Hawthorne has been dismissed. Accordingly, the stay as to them is hereby dissolved.

plaint adds a count based on 18 U.S.C. § 1964(c), (Racketeer Influenced and Corrupt Organizations Act–commonly referred to as RICO), which provides a civil cause of action for persons injured by an unlawful enterprise as defined in 18 U.S.C. §§ 1961, 1962.

I.  Motion to Dismiss by Grande

Grande's motion to dismiss is based on the definition of the word "enterprise," as it is used in 18 U.S.C. § 1964, and the alleged inapplicability of it to his alleged action as the Acting Director of the Construction and Buildings Inspection Division, Department of Housing and Community Development, for the City of Baltimore.  The complaint charges that Grande used his official position to assist in the rigging of what was supposed to be a competitive bidding system for city demolition projects.

18 U.S.C. § 1964 provides in pertinent part:

"§ 1964.  Civil remedies

"(a) The district courts of the United States shall have jurisdiction to prevent and *restrain violations of section 1962* of this chapter by issuing appropriate orders, including, but not limited to: ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provision for the rights of innocent persons."

\*　　\*　　\*　　\*　　\*　　\*

"(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee."  (emphasis supplied.)

18 U.S.C. §§ 1962(c), 1962(d) provide:

"(c) It shall be unlawful for any person employed by or associated with any *enterprise* engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  (emphasis supplied).

"(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section."

Enterprise is defined in 18 U.S.C. § 1961(4) as:

"any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."

Defendant Grande contends that under the rationale espoused by Judge Murray in *United States v. Mandel*, 415 F.Supp. 997 (D.Md.1976), the Department of Housing and Urban Development is not an "enterprise" within the meaning of § 1962(c).  In *Mandel*, Judge Murray ruled that § 1961(4)'s definition of "enterprise" did not include governmental organizations, and specifically did not include the State of Maryland.[3]

*United States v. Mandel, supra*, stands as the only decision to interpret "enterprise" to exclude governmental organizations and runs directly counter to a number of cases, decided since *Mandel*, which reach the opposite conclusion on this issue.  To date, the United States Courts of Appeals for the Third, Fifth, and Seventh Circuits as well

---

**3.**  In *Mandel*, 415 F.Supp. 997 (D.Md.1976), the defendant allegedly used his position as Governor of the State to obtain money unlawfully, the "enterprise" being the state government of which he was the chief executive officer.  The United States Court of Appeals for the Fourth Circuit did not address this issue on appeal.

as several United States District Courts have held *contra* to *Mandel.*

In *United States v. Frumento*, 563 F.2d 1083 (3rd Cir. 1977), *cert. denied sub nom. Millhouse v. United States*, 434 U.S. 1072, 98 S.Ct. 1256, 55 L.Ed.2d 775 (1978),[4] the Third Circuit held that the Chief of the Bureau of Cigarette and Beverage Taxes in the State of Pennsylvania's Department of Revenue is connected to "an enterprise" within the meaning of § 1961(4). *See also United States v. Forsythe*, 560 F.2d 1127 (3rd Cir. 1977).[5]

Similarly, the Fifth Circuit has held that a city police department was "an enterprise" for the purposes of the racketeering statute. *United States v. Brown*, 555 F.2d 407 (5th Cir. 1977), *cert. denied*, 435 U.S. 904, 98 S.Ct. 1448, 55 L.Ed.2d 494 (1978). Likewise, the Seventh Circuit ruled that a city police department and the individual officers, involved in a vice protection racket, constituted "an enterprise" as defined by § 1961(4). *United States v. Grzywacz*, 603 F.2d 682, 685 (7th Cir. 1979).

The only other district court cases that discuss the issue have both held that the term "enterprise" could include a government entity. In *United States v. Vignola*, 464 F.Supp. 1091 (E.D.Pa.1979), *aff'd*, 605 F.2d 1199 (3rd Cir. 1979), *cert. denied*, 444 U.S. 1072, 100 S.Ct. 1015, 62 L.Ed.2d 753 (1980), the court held that a Philadelphia Traffic Court was "an enterprise" under the RICO statute because it constituted an "other legal entity" under § 1961(4). Similarly, Judge Copenhaver, in a well reasoned opinion in *United States v. Barber*, 476 F.Supp. 182 (S.D.W.Va.1976), held that the West Virginia Alcoholic Beverage Control Commission was a "legal entity" and thus "an enterprise" within the meaning of § 1961(4).

■ This court is convinced that the reasoning in the above cases is correct and for the reasons stated in those opinions respectfully declines to follow the holding in *Mandel, supra.* The Division of Construction and Building Inspection, Department of Housing and Community Development for the City of Baltimore is "an enterprise" within the meaning of § 1961(4). The motion to dismiss the RICO Count by defendant Grande will be denied.

II. Motion to Strike the Amendment to the Complaint by the Harford and Spielman Defendants

Harford Contracting Co., Inc., Charles Collison, and Timothy Collison (Paper No. 47) and The Charles J. Spielman Company, Inc., C. Gordon Spielman, and Charles J. Spielman[6] (Paper No. 53) have moved to strike the amendment to the complaint. Defendants present basically two reasons why the court should not allow the amendment to the complaint:

1. Undue prejudice to defendants caused by unjustifiable delay in amending the complaint, which delay will result in prejudice to the defendants by protracting the proceedings;

2. The incorporation in the amended complaint of the indictment in *United States of America v. Grande, et al.*, Criminal No. N–77–031, will force several unindicted defendants in the present case to defend against criminal charges to the prejudice of those defendants.

---

4. *See* 405 F.Supp. 23 (E.D.Pa.1975) (upholding indictment); 409 F.Supp. 136 (E.D.Pa.1976) (upholding indictment); 426 F.Supp. 797 (E.D.Pa.1976) (post conviction motions); 563 F.2d 1083 (3rd Cir. 1977) (direct appeal upholding conviction).

5. In *United States v. Forsythe*, 560 F.2d 1127 (3rd Cir. 1977), the Third Circuit held that magistrates and assistants to constables were "as-

sociated" with the Bail Bond Agency from which they received commissions for referrals to the agency. Applying that reasoning to this case, Grande could be thought of as associating with the various demolition firms from which he allegedly received payments.

6. Charles J. Spielman is represented by a guardian.

The first argument is without merit. A quick glance at the docket sheet in this case easily demonstrates that this case is still in the early stages. Discovery was stayed to avoid prejudice to some of the defendants who at that time were appealing their criminal convictions to the Fourth Circuit in *United States v. Grande et al.,* 620 F.2d 1026 (1980). *See* Papers No. 41, 44, and 67. The first wave of discovery, designed to flush out the names and locations of witnesses and the existence, location, and custodian of documents, is not even close to being completed. Additionally, leave will be granted to supplement any discovery requests that have already been filed. Any burden placed upon defendants by the amended complaint is not caused by the timing of the amendment but rather is a function of an additional theory of recovery based on the same set of operative facts which must be answered—a result which is no different from what would have occurred had the RICO Count been in the original complaint. In short, there has been no undue prejudice to the defendants caused by the timing of the filing of the amended complaint.[7]

Defendants' second argument is equally without merit. While it is true that several of the defendants in this civil case will be defending against many of the same factual allegations contained in the criminal indictment, this does not result in undue prejudice to these defendants. Any allegation that a government agency has used the present civil proceeding as a tool for future criminal charges can be brought before the criminal trial judge in the unlikely event that such charges are brought. *See generally United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). To the extent that the mere reference to paragraphs of the criminal indictment in the complaint will result in prejudice to the unindicted defendants,[8] the court might be inclined at the appropriate future time to require an amendment to the complaint to set forth the factual allegations of those paragraphs of the indictment which are incorporated by the complaint. Otherwise the court finds no basis for striking the RICO Count amendment. Defendants' motion will be denied.

Therefore it is this 8th day of September, 1980, by the United States District Court for the District of Maryland, ORDERED:

1. That the motion to dismiss filed by Ottavio Grande (Paper No. 50) is DENIED.

2. That the motion to strike the amendment to the complaint filed by Harford Contracting Co., Inc., Charles Collison, and Timothy Collison (Paper No. 47) is DENIED.

3. That the motion to strike the amendment to the complaint filed by The Charles J. Spielman Company, Inc., C. Gordon Spielman, and Charles J. Spielman (Paper No. 53) is DENIED.

4. The stay of proceedings is dissolved as to all parties.

---

7. Defendants' bald allegation of prejudice caused by the addition of two parties (Jacob Hoffman and Jules Stein) by the amended complaint is equally without merit. There is no showing that the addition of these parties will unduly complicate or prolong the present proceedings.

8. For instance, if the court were to allow a copy of the complaint to be given to the jury at the trial of this case.