**John CRAGO, Plaintiff,**

v.

**CAPITAL ADVANTAGE FINANCE AND DEVELOPMENT, INC., Kenneth Kaufman, Brock T. Carter, Brian Crawford, Terry Miller, and Billy Watson, Defendants.**

C.A. No. 9:06–1068–PMD.

United States District Court,
D. South Carolina,
Beaufort Division.

Jan. 3, 2007.

Brian C. Pitts, Smoot Pitts Elliott and Biel, Hilton Head Island, SC, for Plaintiff.

Joel D. Bailey, Bailey Law Firm, Beaufort, SC, Terry Allan Finger, Finger Fraser and Andrews, Hilton Head, SC, for Defendants.

## ORDER

DUFFY, District Judge.

This matter is before the court upon Plaintiff's Motion to Amend Complaint and Add Party. For the reasons set forth herein, the court grants Plaintiff's motion.

## BACKGROUND

John Crago ("Crago" or "Plaintiff") owns real property located in Beaufort County, South Carolina. On August 29, 2003, Crago and his ex-wife, Celeste Marie Welch–Crago ("Ms. Crago"), entered into a loan transaction with Defendants Kenneth Kaufman ("Kaufman"), Brock T. Carter ("Carter"), Brian Crawford ("Crawford"), Terry Miller ("Miller"), and Billy Watson ("Watson").[1] Defendant Capital Advantage Finance and Development, Inc. ("Capital") represented the Lenders in this transaction.

Pursuant to the terms of the loan agreement, the Lenders agreed to lend Crago and Ms. Crago $332,000, and Crago and Ms. Crago granted Lenders a mortgage (the "Mortgage") covering certain real property located on Hilton Head Island (the "Property"). Part of the money from the loan was to be used to develop the Property into a residential subdivision, and the terms of the Mortgage included a provision stating that proceeds "are to be disbursed by Mortgagee to Mortgagor in accordance with draw requests submitted bimonthly by Mortgagor which are approved by Mortgagee for expenses associated with the planning for and syndication of a facility proposed to be constructed on the Land in accordance with the projections and accompanying data previously submitted to Mortgagee." (Complaint ¶ 12.) The Mortgage was recorded on September 4, 2003.

Plaintiff alleges that on or about December 18, 2003, the Lenders, through their agent Capital, refused to honor or pay the draw request of Crago and Ms. Crago. (Complaint ¶ 13.) Plaintiff also alleges that during August and September of 2005, he demanded an accounting of all receipts and disbursements under the loan, an accounting as to all interest paid under the loan, and for Lenders to issue a Form 1098 so that he could calculate and pay his income taxes. (Complaint ¶ 14.) Plaintiff alleges that Capital and Lenders have refused to provide this requested information. (Complaint ¶ 16.)

On February 1, 2006, Plaintiff brought suit against Defendants in the Court of Common Pleas, Beaufort County, listing the following causes of action: (1) accounting, (2) injunction, (3) breach of contract, and (4) unjust enrichment. Defendants removed the case to this court, and pursuant to this court's Amended Conference and Scheduling Order, all motions to join other parties and amend the pleadings were to be filed no later than October 23, 2006. On October 19, 2006, Plaintiff filed a Motion to Amend Complaint and Add Party. More specifically, Plaintiff seeks to add Thomas Caufmann[2] as a defendant; Plaintiff asserts Mr. Caufmann is a principal of Capital and therefore can be held personally liable for tortious acts in which he participated or directed. (Plaintiff's Mem. in Support at 3.) Plaintiff also seeks to amend the complaint to add two causes of action: (1) breach of contract accompanied by a fraudulent act and (2) violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). Defendants oppose this motion.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to amend a pleading "be freely given when justice so requires." While this court is given discretion to deny the motion to amend, "that discretion is limited by the interpretation given Rule 15(a) in *Foman* [*v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)], 'and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987) (citation omitted). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir.1986)) (emphasis in original). A delay in bringing a pro-

---

1. The court will refer to Defendants Kaufman, Carter, Crawford, Miller, and Watson collectively as "Lenders."

2. Plaintiff also refers to Thomas Caufmann as Todd Kaufman, but this order will refer to the proposed additional defendant as "Caufmann."

posed amendment is insufficient reason to deny leave to amend. *Id.*

■ For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.*, 785 F.2d at 510–511; *see also Rambus, Inc. v. Infineon Tech., AG*, 304 F.Supp.2d 812, 819 (E.D.Va.2004) ("Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment, . . ., or for resolution at trial.") (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.1980)); *see also Robinson v. GEO Licensing Co., L.L.C.*, 173 F.Supp.2d 419, 423 (D.Md.2001).

## DISCUSSION

■ In this case, because Plaintiff filed the Motion to Amend Complaint and Add Party within the time prescribed by the scheduling order, Defendants cannot claim that the proposed amendment was untimely. Nonetheless, Defendants argue that Plaintiff's motion should be denied (1) because the Plaintiff's motion fails to meet the requirements of Rule 7(b)(1) of the Federal Rules of Civil Procedure and (2) because "the amendment as stated is likely to be futile, and will certainly result in prejudice to the opposing party in the form of significantly increased court costs, attorney's fees and delay in the ultimate decision." (Defendants' Response in Opposition at 1, 6.)[3]

### A. Rule 7(b)(1) of the Federal Rules of Civil Procedure

■ Rule 7(b)(1) of the Federal Rules of Civil Procedure states,

> An application to the court for an order shall be made by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

Fed.R.Civ.P. 7(b)(1). Defendants argue Plaintiff has failed to "state with particularity the grounds" for his motion, stating that "[n]o ground at all is set forth in the motion *per se.*" (Defendants' Mem. in Opposition at 1.) Defendants argue Plaintiff has not demonstrated legal grounds for bringing in another party to this lawsuit and appear troubled by Plaintiff's reference to a company located in Texas.[4]

This court does not agree with Defendants; the court finds that Plaintiff's motion does in fact meet the requirements of Rule 7(b)(1). Plaintiff's Notice of Motion and Motion to Amend Complaint and Add Party plainly states that Plaintiff seeks to add Caufmann as a defendant "in that he is a director, officer or managing employee or agent of the

**3.** In their Response in Opposition to Plaintiff's Motion, Defendants assert multiple times that Plaintiff "has not met the initial burden of demonstrating 'underlying facts or circumstances' under which the requested relief is proper, and that justice requires it." (Defendants' Response in Opposition at 4.) Defendants are particularly troubled that "there is no affidavit or other factual support for the motion; it is made purely upon the Plaintiff's *belief*, with nothing having been shown to demonstrate that such belief is justified or even logical." (Defendants' Response in Opposition at 3.) As previously noted, Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings, and nothing in that rule states that an affidavit is required to amend a pleading. *See* Fed.R.Civ.P. 15(a) ("A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days

after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."). Nor does Rule 7(b)(1) state that an affidavit is required when a party is filing a motion. *See* Fed.R.Civ.P. 7(b)(1).

Plaintiff is entitled to allege certain facts upon information and belief. *See* C.J.S. *Pleading* § 139 ("Facts which are, or should be, within the plaintiff's knowledge should be alleged positively and not on information and belief. However, he or she may allege on information and belief facts not presumptively within his or her knowledge, those which are primarily or peculiarly within the defendant's knowledge, or which the plaintiff can learn only from statements made to him or her by others, or matters which are the subject of opinion.").

**4.** *See infra* pages 345–47.

Defendant, Capital Advantage Finance and Development, Inc. and personally committed, participated in, directed, or authorized the acts or omissions constituting the alleged tortious conduct in this case." (Plaintiff's Notice of Mot. at 1.) The court thus finds that Plaintiff has complied with Rule 7(b)(1).

5. In the court's opinion, adding the claims of breach of contract accompanied by a fraudulent act and violation of the SCUTPA is not futile. "In order to have a claim for breach of contract accompanied by a fraudulent act, the plaintiff must establish three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Conner v. City of Forest Acres*, 348 S.C. 454, 465–66, 560 S.E.2d 606, 612 (2002) (citing *Harper v. Ethridge*, 290 S.C. 112, 348 S.E.2d 374 (Ct.App.1986)). Plaintiff makes the requisite allegations in his Proposed Amended Complaint. *(See* Proposed Amended Complaint ¶¶ 32–37.) With respect to the fraudulent intent and fraudulent act elements, Plaintiff alleges that Lenders, acting by and through their agents Capital and Caufmann, acted "by dishonest design" in providing "false and pre-textual reasons" for refusing to pay draw requests in that the proceeds to pay the draws were not available, had been misappropriated, or had been used for improper purposes. (Proposed Amended Complaint ¶¶ 35–36.) Accordingly, the court finds Plaintiff should not be denied leave to amend his complaint to add a cause of action for breach of contract accompanied by a fraudulent act on the grounds of futility.

To bring an action pursuant to the SCUTPA, Plaintiff must demonstrate the following: "(1) that the defendant engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Havird Oil Co. v. Marathon Oil Co.*, 149 F.3d 283, 291 (4th Cir.1998) (citing S.C. CODE § 39–5–140; *Daisy Outdoor Adver. Co. v. Abbott*, 322 S.C. 489, 473 S.E.2d 47 (1996)). According to the SCUTPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." S.C. CODE § 39–5–20. The terms "trade" and "commerce" "shall include the advertising, offering for sale, sale or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value wherever situate, and shall include any trade or commerce directly or indirectly affecting the people of this State." S.C. CODE § 39–5–10. However, the SCUTPA does not apply to "[a]ctions or transactions permitted under laws administered by any regulatory body or officer acting under statutory authority of this State or

## B. Futility

▇▇▇▇ In Defendants' Response in Opposition to Plaintiff's Motion, Defendants do not appear to argue that adding the two causes of action requested by Plaintiff will be futile.[5] Defendants do, however, argue that adding Caufmann as a party will be futile. Defen-

the United States or actions or transactions permitted by any other South Carolina State law." S.C. CODE § 39–5–40.

The main difficulty in determining whether allowing Plaintiff to amend his complaint to include a cause of action pursuant to SCUTPA would be futile is determining whether the Defendants engaged in an unlawful trade practice. Plaintiff alleges that the following acts constitute unfair or deceptive acts as defined by the SCUTPA: refusing to pay the draw requests, providing false reasons and reasons that were pretexts for their true intent, and misappropriating or otherwise using the loan proceeds for purposes other than to fund the loan. (Proposed Amended Complaint ¶ 39.) It is not clear, however, that Defendants engaged in "trade" or "commerce" as defined by the SCUTPA.

The South Carolina Court of Appeals has held that the acquisition of a lease constitutes "trade" and "commerce" when done by purchasing a club's equity. *Baker v. Chavis*, 306 S.C. 203, 209, 410 S.E.2d 600, 603–04 (Ct.App.1991). In this case, the court noted, "The statute's use of the words 'shall include' clearly suggests the legislature did not intend to limit 'trade' and 'commerce' to only the listed transactions." *Id.* at 208–09, 410 S.E.2d at 603. The United States District Court for the District of South Carolina has determined that debt collection activities are covered by the SCUTPA. *See Butler v. Vanderbilt Mortgage & Fin., Inc. (In re Daniel)*, 137 B.R. 884, 887 (D.S.C.1992). The district court has also found that charging interest for a prepayment does constitute trade or commerce:

The Court first notes that the UTPA should be given a liberal construction. Using that construction, the Court concludes that the parties' transaction fits the UTPA's definition of trade or commerce because it involves the sale of property, that is, the defendants sold, by means of four loans secured by four mortgages on the purchased property, to the original owners of Dutch Square, [plaintiff's] predecessors in interest, the present use of money for a promise to repay in the future, a sale which [plaintiff] completed by repaying the defendants' loans according to the latters' calculations.

*McTeer v. Provident Life & Acc. Ins. Co.*, 712 F.Supp. 512, 515 (D.S.C.1989) (internal quotation marks and citations omitted).

While Plaintiff can likely demonstrate that he suffered actual damages, it is less clear whether he can establish the element requiring an adverse impact on the public interest. "Unfair or deceptive acts or practices have an impact upon

dants are troubled by Plaintiff's reference to a company operated out of Texas. In his Memorandum in support of his Motion to Amend Complaint and Add Party, Plaintiff states,

> Mr. Crago is informed and believes that the principal of Capital Advantage, a gentleman named Thomas Caufmann a/k/a Todd Kaufman, was also the principal of a firm named CA Holdings, LLC d/b/a Capital Advantage which previously operated out of Austin, Texas, and which has had a number of claims made against it for mishandling loan transactions and failing to fund loans in similar situations.

(Plaintiff's Mem. in Support at 3.) Defendants argue this statement indicates there is a "very real prospect that the amendment would be a futility" because "the conduct imagined to be actionable by the Plaintiff . . . is that of either the present Defendants or a separate company located in Texas, *not that of the proposed additional individual defendant.*" (Defendants' Response in Opposition at 4.)[6]

▮▮▮▮ Generally speaking, a director or an officer of a corporation is not personally liable for the corporation's torts merely because of his position in the corporation. *See BPS, Inc. v. Worthy*, 362 S.C. 319, 327–28, 608 S.E.2d 155, 160 (Ct.App.2005). If, however, the officer or director participated in, authorized, or directed the tort, he or she is subject to personal liability. *Id.* at 327–28, 608 S.E.2d at 160. A similar rule applies to causes of action pursuant to the SCUTPA. *See Plowman v. Bagnal*, 316 S.C. 283, 286, 450 S.E.2d 36, 38 (1994) ("[W]e hold that in private actions under the UTPA, directors and officers are not liable for the corporation's unfair trade practices unless they personally commit, participate in, direct, or authorize the commission of a violation of the UTPA."); *see also United States v. RCS Corp.*, 366 F.Supp.2d 332, 337–38 (D.S.C. 2005).

▮▮▮ Although Plaintiff's reference to CA Holdings, LLC d/b/a Capital Advantage, which previously operated out of Texas, could indicate that certain conduct Plaintiff complains of was committed by an individual or a corporation other than Caufmann, such a conclusion is not inevitable. Plaintiff asserts that Caufmann was a principal of both this Texas business and Defendant Capital and that several claims had been made against the Texas business for mishandling loan transactions and failing to fund loans. (Plaintiff's Mem. in Support at 3.) Perhaps Plaintiff mentions this fact to illustrate why he believes Caufmann should be named as a defendant. In any event, the allegations contained in Plaintiff's Proposed Amended Complaint reveal that Plaintiff is complaining of Caufmann's actions as an agent of Defendant Capital.[7] Accordingly, this court finds Plaintiff's proposal to add Caufmann as a defendant is not "clearly insufficient or frivolous on its face." *See Oroweat Foods Co.*, 785 F.2d at 510–511. This court therefore will not refuse Plaintiff leave to amend his complaint to add Caufmann as a defendant on the grounds of futility.

---

the public interest if the acts or practices have the potential for repetition." *York v. Conway Ford, Inc.*, 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997). Furthermore, "past practices can serve as the predicate for a violation of the SCUTPA." *Williams–Garrett v. Murphy*, 106 F.Supp.2d 834, 845 (D.S.C.2000).

In sum, Plaintiff's claim that Defendants violated the SCUTPA may be without merit. In the court's opinion, however, such an amendment is not *clearly* frivolous. "Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, *e.g.*, under motions to dismiss or for summary judgment, . . ., or for resolution at trial." *Rambus*, 304 F.Supp.2d at 819 (quoting *Davis*, 615 F.2d at 613). Accordingly, the court finds Plaintiff should not be denied leave to amend his complaint to add a cause of action for violation of the SCUTPA on the grounds of futility.

**6.** As previously noted, for a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.*, 785 F.2d at 510–511. The "prospect" that an amendment is a futility does not, in the court's opinion, meet this standard.

**7.** Some of the allegations in Plaintiff's Proposed Amended Complaint are as follows:
  5. Upon information and belief, Caufmann is a director, officer, shareholder, agent and/or employee of Capital.
  6. Upon information and belief, all or some of the acts or omissions of Capital as alleged herein were personally committed, participated in, directed, or authorized by Caufmann. (*See* Proposed Amended Complaint.)

### C. Prejudice

■ Defendants assert this court should not grant Plaintiff leave to amend his complaint because of the "certainty that the proposed amendment will result in undue prejudice to the present Defendants as well as to the proposed individual Defendant." (Defendants' Mem. in Opposition at 4.) Defendants are concerned that Plaintiff will "bootstrap" the allegations in this case "with presently unknown and unproven allegations made against other persons or entities in another state." (Defendants' Mem. in Opposition at 5.) Defendants assert that broadening "the scope of discovery and trial to include the Texas 'claims,' whatever they may be," will result in a "fishing expedition" by Plaintiff to open a "Pandora's box" that "will certainly prejudice the Defendants by unreasonably and significantly increasing the cost of defending this lawsuit." (Defendants' Mem. in Opposition at 5.) Defendants further assert that allowing the amendment transforms the case from one in equity to one at law. (Defendants' Mem. in Support at 5.)[8]

As previously discussed, Defendants will not likely face the hardship of addressing "Texas claims" in this lawsuit because Plaintiff does not appear to be asserting any claims against a defendant from Texas. The party that Plaintiff seeks to add, Thomas Caufmann, is alleged to be a citizen and resident of Beaufort County, South Carolina. (Proposed Amended Complaint ¶ 4.) Furthermore, none of the allegations in Plaintiff's Proposed Amended Complaint refer to CA Holdings, LLC d/b/a Capital Advantage. Instead, Plaintiff's allegations concern Capital Advantage Finance and Development, Inc., a corporation organized pursuant to the laws of South Carolina with its principal place of business in Beaufort County, South Carolina. (See Ans. of Capital ¶ 4.)

The fact that Plaintiff seeks to add an additional defendant does not, in the court's opinion, prejudice Defendants. Plaintiff seeks to add Caufmann as Capital's director, officer, shareholder, agent, and/or employee. (Proposed Amended Complaint ¶ 5.) Plaintiff's basis for adding Caufmann appears not to be to add numerous allegations against existing Defendants. Rather, Plaintiff appears to seek to add Caufmann as a defendant so that the court can hold Caufmann personally liable for any torts he may have participated in or directed as an officer, director, or agent of Capital. (See Plaintiff's Mem. in Support at 3.) Such an amendment does not prejudice Defendants.

It is true that allowing the amendment will increase the Defendants' cost in defending this suit because the amendment will add two theories of recovery. However, the court is of the opinion that these additional expenses do not constitute prejudice in the case *sub judice. See N.C. ex rel. Long v. Alexander & Alexander Servs., Inc.,* 711 F.Supp. 257, 259–60 (E.D.N.C.1989) (noting that the fact that parties will have to prepare new defenses and conduct additional discovery "does not suffice as a showing of prejudice") (citing *Oroweat,* 785 F.2d at 510). As this case is still in its early stages, the court finds no prejudice in allowing Plaintiff to amend his complaint to add Caufmann as a defendant and to add causes of action for breach of contract accompanied by a fraudulent act and violation of the SCUTPA. *Cf. Maryland v. Buzz Berg Wrecking Co.,* 496 F.Supp. 245, 249 (D.Md.1980).

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Plaintiff's Motion to Amend Complaint and Add Party is hereby **GRANTED.**

---

**8.** The court notes that Defendants are incorrect in this assertion. Plaintiff's complaint contains a cause of action for breach of contract, and Plaintiff seeks damages for this breach. (Complaint ¶¶ 22–24.) "An action for breach of contract seeking money damages is an action at law." *Ellie, Inc. v. Miccichi,* 358 S.C. 78, 89, 594 S.E.2d 485, 491 (Ct.App.2004) (citation and quotation marks omitted).